DECISION
In a Proof of Claim filed May 13, 2000, Thomas P. Seymour (Seymour) alleges that Harvard Pilgrim Healthcare of New England, Inc. (Harvard) denied him health coverage in violation of federal and state law and moves for summary judgment. The Successor Liquidator of Harvard, Marilyn Shannon McConaghy (McConaghy), objected to the motion and filed a Cross Motion of Summary Judgment arguing that the law allowed Harvard to deny Seymour's application for health coverage due to the undisputed facts then existing.
As gleaned from court documents and admissions from claimant Seymour, both in his submissions in support of his motion and his candid comments during argument, the salient facts are not in dispute. Seymour, who had health coverage through Rhode Island Medical Assistance in 1995, was notified that coverage would be terminated on December 26, 1995, declaring that he would no longer be covered due to an inheritance he received which made him financially ineligible.
According to the affidavit of Jeffrey Lieberman, the Director of the Pace Group and consultant to the Liquidator, the following sequence of events occurred between Seymour and Harvard.
On or about August 16, 1995, Seymour requested and was sent an application for non-conversion health care coverage from Harvard. Upon review of the application on August 21, 1995, it was returned to Seymour for completion. On September 30, 1995, Seymour was informed that unless the application was completed within two weeks, his partial application would be voided. No completed application was received and Seymour's incomplete application was voided.
It was not until February 20, 1996, that Seymour submitted a completed application after being reminded of the voiding of his first one for non-completion. The new application was reviewed by Harvard's Underwriting Department which also interviewed Seymour in late February, 1996, and by letter dated February 27, 1996, Seymour was denied coverage. It explained that his application was reviewed as all other non-conversion applications and his medical conditions (arthrogryposis and Crohn's disease) posed an unacceptably high risk for Harvard to provide him with health coverage.
On February 19, 1997, Seymour filed a discrimination charge with the Rhode Island Commission for Human Rights which was enjoined by Harvard and Seymour then filed his Proof of Claim on May 13, 2000 as previously observed.
Seymour, who has represented himself during these proceedings even though it was suggested by the Court during a preliminary conference that he should obtain counsel, articulated several arguments with citations of statutes, case law and documents in support thereof.
Prior to oral argument, Seymour filed an objection to Harvard's Cross Motion which the Court reviewed with him. Being ultimately satisfied that the Court understood his arguments in objection to that motion, the Court undertook to hear oral arguments. Seymour reiterated some of his positions as contained in his memorandum and supporting documents, but essentially rested on his memorandum. In essence, Seymour argues that federal and state law prevents his pre-existing medical condition from being used as a basis for denial of medical coverage and that he is otherwise qualified to receive such coverage.
It is clear that Harvard, a health maintenance organization, is an insurer under Rhode Island law (See RIGL § 27-29-2 (4)) and, therefore, is subject to those laws. As such, the federal law and cases cited in support thereof by Seymour are inapplicable under the facts at bar. The Congress in enacting the Americans with Disabilities Act of 1990 (ADA) 42 U.S.C. § 12102, and the McCarran-Jerguson Act15 U.S.C. § 1012 expressly reserved insurance regulation to the states including those relating to questions of discrimination. As pointed out by Harvard, although generally applying to discrimination the ADA permits insurance providers to make underwriting determinations based upon risk where provided for in state law (See 42 U.S.C. § 12201 (c) (1)), thereby providing a safe harbor if such determinations are based upon the state law and not inconsistent therewith. In view of the foregoing, the Court is satisfied that Seymour's claim of alleged discrimination must be reviewed by standards enunciated in Rhode Island law.
The Court will first look to RIGL § 27-41-42 in the chapter labeled "Health Maintenance Organizations" which prohibits using any pre-existing condition as a basis for denying the issuance of a policy for an individual who has been continuously insured or covered for the period of twelve (12) months immediately prior to their date of application for insurance coverage. In this regard, the applicant is required to provide documentation of said twelve (12) month continuous insurance coverage.
RIGL § 27-29-4 (7) in the chapter entitled "Unfair Competition and Practices" declares that in the insurance business it is unfair to discriminate (a) between individuals of the same class and equal expectations of life in rates charged; (b) between individuals of the same class and essentially the same hazard in the amount of premium, policy fees or rates charged; and (c) between individuals or risks of the same class and essentially the same hazards by refusing to issue, renew or cancel insurance coverage.
Finally, RIGL § 42-87-2 in the chapter entitled "Discrimination Against Handicapped" provides that no otherwise qualified handicapped person shall solely by reason of the handicaps be discriminated against by person or entity doing business in the state or be deprived of the benefits of any program regulated by the state.
In reading the pertinent statutes in conjunction with each other, the Court finds that state law permits the denial of insurance coverage even to the unfortunately handicapped based upon a pre-existing condition. That state law allows such a denial if (a) an applicant has not demonstrated that he or she has had continuous twelve (12) month coverage before the application and (b) if the denial was based upon sound risk and hazard analysis applied equally to those similarly situated. If the above two criteria are present, then a denial of insurance coverage is non-discriminatory in nature and even the otherwise qualified argument is inapplicable and without merit.
In the case at bar, it is undisputed that Seymour did not have continuous twelve (12) month coverage before his complete application was submitted and except for his "feeling" that he was discriminated against because of his pre-existing conditions, he admitted he had no evidence that he had been treated differently from those similarly situated relating to risk and hazard underwriting considerations employed by Harvard.
Rhode Island R.C.P. 56 (c) provides that if "there is no genuine issue as to any material fact" the moving party is entitled to judgment, if otherwise entitled as a matter of law.
Based on the foregoing discussion of the undisputed facts and the applicable law, the Court finds that Seymour has failed to establish a prima facie case of the violation of state insurance and discrimination laws by Harvard.
The Court further finds that the undisputed facts are such that there does not exist any genuine issue as to any material fact which impacts Seymour's claim of discrimination and the law as outlined entitles Harvard to summary judgment. Consequently, Seymour's Motion for Summary Judgment is denied and Harvard's Cross Motion for Summary Judgment is granted.
Counsel for Harvard shall prepare a Judgment for entry in accordance with this decision.